UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY | * * | CIVIL ACTION NO: |
| Plaintiff, | * * | |
| v. | * * | |
| NOVA PROPERTY MANAGEMENT, LLC, | * * | |
| Defendant. | * * | |

* * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR REFORMATION

NOW INTO COURT, comes Plaintiff, Aspen Specialty Insurance Company, ("Aspen"), and files this Complaint for Reformation against Defendant, Nova Property Management, LLC, ("Nova"), and respectfully shows:

### I.
### PARTIES

1. Aspen is a foreign, surplus lines insurer organized under the laws of North Dakota, with its principal place of business in New York.

2. Defendant, Nova Property Management, LLC, is a Florida limited liability company, and its sole member is a citizen of Florida.

### II.
### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §

1332. There is complete diversity of citizenship between Plaintiff and Defendant, and this matter involves a claim for damages in excess of $75,000.

4. Venue in this matter is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391, because it is the judicial district in Florida where the Defendant resides, and a substantial part of the events giving rise to the claim occurred in the district in Volusia County.

### III.
### GENERAL ALLEGATIONS

### Procurement and Issuance of the Aspen Policy

5. On February 14, 2024, Aspen received an email from Nova's insurance broker Amwins Insurance Brokerage, LLC, ("Amwins"), advising it was the broker of record for Nova, and was seeking to negotiate the terms of a renewal policy from Aspen. (*See* Exhibit A, e-mail chain). A copy of a letter dated November 13, 2023, signed by Nova's representative appointing Scott Gould and USI Insurance Services, and Amwins as Nova's agent and broker of record are attached.

6. Aspen's underwriter responded to Amwins to advise that it would have to increase the premium by 15%, or the options to explore an excess buffer or another layer instead of Aspen acting as the primary layer. *Id.*

7. Amwins then inquired if Aspen could add "1M wind primary for $80,000"

or the potential for adding a wind sublimit. *Id.*

8. Aspen responded to Amwins to advise it "can't support the Wind due to the JM location within 5 miles to the coast and the overall age of the properties on the schedule".

9. Amwins confirmed this understanding in an e-mail dated February 20, 2024. (*See* Exhibit C).

10. Nova subsequently submitted a signed Florida Commercial Insurance Application dated March 14, 2024. (*See* Exhibit D). The Application indicates "Named Storm Excluded" on page 8 of Exhibit D. The Application contains the signature of Nova's representative on page 10 of Exhibit D.

11. On or about March 18, 2024, Aspen issued a Binder to Nova. (*See* Exhibit E). The Binder indicates "Perils: All Risks of Direct Physical Loss or Damage Excluding Earthquake, Flood, Named Windstorm".

12. Aspen subsequently issued Policy No. PR0107Y24 on March 22, 2024. (the "Policy") (A copy of the Policy along with subsequent endorsements is attached herein as Exhibit F).

13. However, the Policy, as issued, did not include an endorsement to exclude coverage for Named Windstorm as intended. (A copy of the endorsement excluding coverage for Named Windstorm is attached herein as Exhibit G).

## The Underlying Claim

14. Nova subsequently submitted a claim to Aspen for damage allegedly sustained as a result of Hurricane Milton, a Named Windstorm, on October 9, 2024, to the property located at 739-765 S. Nova Rd., Ormond Beach, FL 32174, which is a scheduled location included in the Policy.

15. To date, Nova has submitted documentation to Aspen for repairs Nova alleges are required due to Hurricane Milton in excess of $200,000.

16. Aspen has denied Nova's claim on the basis that the Policy was not intended to afford coverage for damage due to Named Windstorm which includes Hurricane Milton.

## COUNT I - REFORMATION

20. Aspen realleges and incorporates all allegations contained in paragraphs 1 through 21 of this Complaint.

21. Nova authorized USI Insurance Services and Amwins to act as Nova's agent and broker of record in connection with the procurement of the Policy.

22. Amwins, on behalf of Nova, negotiated the terms of the Policy with Aspen. Pursuant to these negotiations, Aspen agreed to issue the Policy to Nova with an exclusion for loss or damage due to any Named Windstorm. These terms were fully communicated to Amwins and Nova, and Nova understood that the Policy would not afford coverage for Named Windstorm.

23. Nova signed and submitted a Florida Commercial Insurance Application dated March 14, 2024, which stated that Named Storm was to be excluded by the Policy, and indicates Nova's acknowledgement and understanding that it was purchasing a Policy that would not afford coverage for loss or damage to the Property due to a Named Windstorm such as Hurricane Milton. (*See* Exhibit D).

24. Aspen issued a policy binder on or about March 18, 2024, specifying Named Windstorm as an excluded peril. (*See* Exhibit E).

25. Aspen subsequently issued Policy No. PR0107Y24 on March 22, 2024. (Exhibit F).

26. The Endorsement containing the exclusion for named windstorm was inadvertently omitted as an attachment to the Policy.

27. Due to the clerical omission, inadvertence, and/or mutual mistake, the Policy should be reformed to accurately express the agreement and intent of the parties.

28. In the alternative, should it be determined that the Endorsement was omitted due to unilateral mistake or inadvertence on the part of Aspen, the Policy should be reformed because it would be inequitable for Nova to obtain coverage for Named Windstorm where Nova did not pay the requisite premium to obtain such coverage.

29. Aspen has no other adequate remedy at law.

## V.
## PRAYER FOR RELIEF

Based on the foregoing allegations, Aspen respectfully requests that this Court enter judgment in its favor and reform the Policy to incorporate the terms of the Endorsement excluding coverage for Named Windstorm, and for all such other relief to which Aspen may be entitled at law or in equity.

    Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

    */s Charles R. Rumbley*
_____
**CHARLES R. RUMBLEY, Lead Attorney**
Florida Bar No. 1018161
**DARIN S. BRITT**
Florida Bar No. 1054741
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
**crr@lcba-law.com**
**dsb@lcba-law.com**
**FLService@lcba-law.com**

*Counsel for Plaintiff, Aspen Specialty Insurance Company*